OF NEW JERSEY. 335.

Lorillard v. Welsted.   McChesney and Wilmurt v. Rogers.

*Wurts,* for the sheriff, did not dispute the instructions, but stated that the sheriff had offered the property for sale after November Term under advertisements, and on two or three adjournments at which no bidders appeared, and admitted that the sheriff had not specially informed the plaintiff of either.

JOSEPH MCCHESNEY and SARAH WILMURT, ADMINISTRA-
TORS of PETER WILMURT, deceased, v. JOHN ROGERS.

A judgment rendered against A. and B. in their individual capacities cannot be offset against A. and B, as administrators.

2. In the taxed bill of costs on a rule for restitution, Attorney and Counsel's argument fee allowed.

McChesney and Wilmurt *v.* Rogers.

A judgment obtained before one of the justices of Burlington county, by Rogers against McChesney and Wilmurt, in their individual capacity, in a suit brought against them as administrators of P. Wilmurt, dec., was reversed in this court on certiorari, an order for restitution made, and execution thereon issued, and in the hands of the sheriff. Rogers then obtained another judgment before a justice of the peace of Hunterdon county, against the said administrators, to be levied of the goods and chattles of Wilmurt, *si.* &c. *et si non,* &c., as to the costs *de bonis propriis.* *Halsted* now moved to set off the latter judgment against the order for restitution, and cited the case of *Coxe* v. *The State Bank at Trenton,* September Term, 1825.

*Hamilton* resisted the application. The original judgment was entered against McChesney and Wilmurt, not as administrators, but in their individual capacity, and the justice issued execution not only against them but also against the person who had become surety for their appearance at the trial. The order for restitution and the last judgment are, therefore, not in the same but different rights; moreover, the estate of Wilmurt is insolvent.

*Halsted,* in reply, insisted they were in the same rights as the execution for restitution described McChesney and Wilmurt as administrators, and that at least the costs of the last judgment should be set off, because they were payable *de bonis propriis.*

BY THE COURT.—The application cannot prevail. The claims are clearly in different rights. The original judgment having been against McChesney and Wilmurt in their individual capacity, the moneys raised under it must be deemed to have been paid from their individual funds. The description of them as administrators in the writ of restitution was necessary to make it conform to the style of action before the justice and in this court. If the estate, as suggested, is insolvent, the consequence of allowing the set off

would be that McChesney and Wilmurt would pay out of their own pockets the balance of the debt due to Rogers beyond the assets of Wilmurt's estate. Nor should the costs be set off, for they should be paid from Wilmurt's estate, and conditionally only by the administrators.

IN THE SAME CASE.

Restitution of the moneys paid in satisfaction of the first judgment had been ordered by this court under a rule to shew cause entered at September term, 1825, and made absolute at November term, 1825, upon the production of affidavits, shewing the payment, &c. *Halsted* now moved to strike out of the bill of costs on restitution, two items taxed by the clerk, attorney's fee on argument of the motion to make absolute the rule to shew cause $2, and counsel fee on the same $3. But the court, on the production by *Hamilton* of a series of precedents of taxed bills on rules for restitution, and upon the uniform allowance of these items in analogous cases, and deeming them within the liberal construction always given to the statute respecting costs, overruled the motion and allowed the items.